IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | C/A No. 8:19-992-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| SunTrust Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Orlando Ira Brown, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.    Factual and Procedural Background**

Plaintiff indicates he was paid $5,000,000, which was deposited to an account at SunTrust Bank.[1] (Compl., ECF No. 1 at 5.) However, Plaintiff claims SunTrust Bank's branch manager issued a no-trespass notice against Plaintiff, and therefore, Plaintiff cannot access his money. (Id.) In subsequently filed documents, Plaintiff claims that his inability to access the SunTrust Bank

---

[1] Plaintiff attaches as Exhibit B to the Complaint a document that he claims shows that the money was deposited into an account at SunTrust Bank. However, the document actually purportedly shows a guarantee agreement between a Dominica bank and an LLC that shares Plaintiff's address for $5,000,000. (ECF No. 1-1.)

account has hurt his credit and job prospects.[2] (ECF Nos. 10 & 11.) Plaintiff claims the no-trespass notice is "discrimination because of disability." (Id. at 3.) Plaintiff seeks damages. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal

---

[2] Plaintiff titles one of the documents "Motion for Summary Judgment." (ECF No. 11.) The Clerk is directed to terminate that motion as premature.



construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

The court finds that Plaintiff's Complaint fails to demonstrate that the court has subject matter jurisdiction in this matter. There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.[3]

Plaintiff fails to expressly state a recognizable cause of action in the Complaint. Also, even liberally construing the pleading based on Plaintiff's *pro se* status, the court is unable to discern the basis for Plaintiff's claim for damages. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but

---

[3] On the standard complaint form filed by Plaintiff, Plaintiff checked the box indicating this matter presents a federal question. (Compl., ECF No. 1 at 3.)



it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). The court cannot discern any basis for a damages claim based solely on the issuance of a no-trespass notice. To the extent Plaintiff is raising a claim that he was discriminated based on a disability, Plaintiff fails to provide any facts that would plausibly show that he is disabled, or that he was denied access to a place of public accommodation because of a disability. See generally 42 U.S.C. §§ 12102; 12182. Accordingly, Plaintiff fails to meet the minimum pleading requirements to plausibly show that the court has jurisdiction over this matter, or that Plaintiff is entitled to relief.

Consequently, Plaintiff's Complaint is subject to summary dismissal for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[4] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

---

[4] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

PJG

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 13, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS _BEFORE_ YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **_ALL_** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).