IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Orlando Ira Brown, | ) | |
| | ) | C/A No. 8:19-cv-992-MBS |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SunTrust Bank, | ) | |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | |
| | ) | |

Plaintiff Orlando Ira Brown ("Plaintiff"), proceeding pro se, brings this action pursuant to 28 U.S.C. § 1915 against Defendant SunTrust Bank ("Defendant"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action on April 4, 2019. ECF No. 1. In his original complaint, Plaintiff alleges that Defendant "issued a no-tresspass [sic] notice . . . which barred me from contacting or visiting SunTrust banks." Id. at 5. Plaintiff alleges that he deposited $5,000,000 into a bank account managed by Defendant, and as a result of the purported no-trespass notice, Plaintiff cannot access his money. Id. Plaintiff brings this suit in federal court because his claim involves "discrimination because of disability."[1] Id. at 3. Also on April 4, 2019, Plaintiff filed a motion to

---

[1] Because of this assertion, the Magistrate Judge determined that Plaintiff intended to bring this action under the public accommodation section of the Americans With Disabilities Act, which states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

1

proceed in forma pauperis. ECF No. 3. Plaintiff filed a motion for summary judgment on May 1, 2019. ECF No. 11. On May 14, 2019, the Magistrate Judge issued a proper form order. ECF No. 12. Also on May 14, 2019, the Magistrate Judge issued an order finding that Plaintiff's complaint was subject to summary dismissal because Plaintiff failed to demonstrate that the court has subject matter jurisdiction. ECF No. 13 at 3. The Magistrate Judge elaborated that "the court cannot discern any basis for a damages claim based solely on the issuance of a no-trespass notice." Id. at 4. Furthermore, the Magistrate Judge stated that "Plaintiff fails to provide any facts that would plausibly show that he is disabled, or that he was denied access to a place of public accommodation because of a disability." Id. Accordingly, the Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint.

Plaintiff filed an amended complaint on May 30, 2019, wherein Plaintiff indicated he is disabled due to schizophrenia. ECF No. 18-1 at 1. Plaintiff also provided details about his original allegations, stating that he initially attempted to open a bank account on Defendant's website in order to receive a "five-million-dollar Bank Guarantee." Id. Plaintiff then attempted to visit the Saluda County, South Carolina branch of Defendant's bank in order to finalize the account's opening. Id. Upon arriving at the bank, Plaintiff provided the branch manager with an electronic copy of the bank guarantee, prompting the manager to give Plaintiff a "bizarre" look. Id. at 2. Plaintiff left the branch, realizing weeks later that no money had been deposited into his account. Id. Plaintiff then opened a "business account" and proceeded to the same Saluda County branch, where he was issued a no-trespass notice by two police officers in the bank. Id. Plaintiff alleges he later visited Defendant's headquarters in Atlanta, Georgia and discovered that

---

place of public accommodation." 42 U.S.C. § 12182. Plaintiff's pleadings do not specifically mention the Americans With Disabilities Act until his objections to the Magistrate Judge's Report and Recommendation. ECF No. 27 at 1.

Defendant had no record of Plaintiff's bank guarantee. Id. Plaintiff concludes that the no-trespass notice has lowered his credit score and prevented him from opening accounts with other banks. Id. Plaintiff further alleges the no-trespass notice has denied him job opportunities. Id. Also on May 30, 2019, Plaintiff filed a second motion for summary judgment. ECF No. 20.

On July 22, 2019, the Magistrate Judge issued a Report and Recommendation. ECF No. 24. The Magistrate Judge held that despite Plaintiff's efforts to amend his complaint, Plaintiff still failed to state a claim upon which relief could be granted. Id. Specifically, the Magistrate Judge stated that to properly plead a claim under the Americans With Disabilities Act, a plaintiff must "plausibly allege that he was denied access to a place of public accommodation because of a disability." Id. at 4 (citing 42 U.S.C. § § 12102; 12188; J.D. by Doherty v. Colonial Williamsburg Found., 925 F.3d 663, 669-70 (4th Cir. 2019)). The Magistrate Judge again found that "Plaintiff provides no facts that could plausibly show that the bank manager issued a no-trespass notice against [Plaintiff] based on his disability." Id. at 5. The Magistrate Judge determined Plaintiff's allegations were merely conclusory. Thus, the Magistrate Judge recommended Plaintiff's claim be dismissed with prejudice. Id. at 1.

On August 6, 2019, Plaintiff filed objections to the Report and Recommendation. ECF No. 27.

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only

3

"general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

In his objections, Plaintiff states that "pleadings must be construed so as to do justice" and the Magistrate Judge incorrectly believes that a claim filed under the Americans With Disabilities Act can only be a claim for injunctive relief. ECF No. 27 at 1-2. Plaintiff also posits that the no-trespass notice could have been racially motivated. Id. at 1. Plaintiff's previous filings make no mention of racial discrimination, and Plaintiff provides the court with no evidence of such discrimination in his objections. Plaintiff's objections do not point to a specific error contained within the Magistrate Judge's Report and Recommendation. Plaintiff's objections do not address the Magistrate Judge's findings, nor do Plaintiff's objections provide the court with any additional facts that would support a cause of action under the Americans With Disabilities Act. Plaintiff's objections are general and conclusory. The court has reviewed the Magistrate Judge's Report and Recommendation and finds no clear error.

### IV. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 24. This matter is summarily DISMISSED with prejudice and without issuance and service of process. Plaintiff's motions for summary judgment, ECF Nos. 11 and 20, are DENIED as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: September 18, 2019